USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLX, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID NISSEN and <br> JOAN NISSEN, <br><br> Defendants. | ECF Case <br><br> Civil Action No. <br><br> **ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Upon the Complaint for Injunctive Relief and Damages, dated April 9, 2015, the annexed Declaration of Charles Robinson, dated April 9, 2015; the exhibits annexed thereto; and the accompanying Memorandum of Law in Support of Plaintiff's Order to Show Cause for a Preliminary Injunction, dated April 10, 2015; it is hereby:

**ORDERED** that Defendants DAVID NISSEN and JOAN NISSEN (collectively, "Defendants") shall show cause on the April 24, 2015 day of April, 2015 at __:__ o'clock __.m. of that day or as soon thereafter as counsel can be heard in Room ____, The Hon. Charles L. Brieant Jr. Federal Building and Courthouse, Southern District of New York, 300 Quarropas Street, in the city of White Plains, County of Westchester, and State of New York, why an Order should not be entered granting Plaintiff KLX, Inc. a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with them during the pendency of this action from:

  a.  retaining any secret, confidential, or proprietary information belonging to KLX that is in tangible form (including computer files, removable media "thumb drives," CDs,

{30776379;3}

- 1 -

electronic files on removal media or in any other electronic form, and hard copy documents) and instead returning all such documents, materials, computer files and other data to KLX;

      b.      using or causing to be used, or disclosing in any manner, any confidential, proprietary, and trade secret information of KLX;

      c.      modifying, deleting, altering or destroying any of KLX's files, documents, materials, or data obtained or removed from KLX or reflecting information accessed at or obtained from KLX, including any confidential information, and documents or other evidence reflecting the removal, use or disclosure of any confidential information including but not limited to printed documents or data in any electronic format, however stored, including any type of computer, disk, storage device or otherwise, or destroying evidence of the accessing, transfer, copying, use or disclosure of such information; and

      d.      soliciting, contacting, employing, proposing, discussing, executing, consummating any transactions with, or providing services to any KLX customer with whom KLX has an existing or prospective business relationship, including, but not limited to, Boeing, Middle River Aircraft Systems, and Meggitt PLC, based on their use, dissemination, disclosure, possession or access to or of any secret, confidential, or proprietary information belonging to KLX;

**IT IS FURTHER ORDERED** that, sufficient reason having been shown therefor, pending the hearing and determination of Plaintiff's Motion for a Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, their officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with them are temporarily restrained and enjoined from:

a. retaining any secret, confidential, or proprietary information belonging to KLX that is in tangible form (including computer files, removable media "thumb drives," CDs, electronic files on removal media or in any other electronic form, and hard copy documents) and instead returning all such documents, materials, computer files and other data to KLX;

b. using or causing to be used, or disclosing in any manner, any confidential, proprietary, and trade secret information of KLX;

c. modifying, deleting, altering or destroying any of KLX's files, documents, materials, or data obtained or removed from KLX or reflecting information accessed at or obtained from KLX, including any confidential information, and documents or other evidence reflecting the removal, use or disclosure of any confidential information including but not limited to printed documents or data in any electronic format, however stored, including any type of computer, disk, storage device or otherwise, or destroying evidence of the accessing, transfer, copying, use or disclosure of such information; and

d. soliciting, contacting, employing, proposing, discussing, executing, consummating any transactions with, or providing services to any KLX customer with whom KLX has an existing or prospective business relationship, including, but not limited to, Boeing, Middle River Aircraft Systems, and Meggitt PLC, based on their use, dissemination, disclosure, any materials or documents that contain possession or access to ~~or~~ of any secret, confidential, or proprietary information belonging to KLX;



**IT IS FURTHER ORDERED** that personal service of a copy of this Order, the annexed Declaration, and its annexed exhibits, and the accompanying Memorandum of Law in Support of Plaintiff's Order to Show Cause for a Preliminary Injunction upon the Defendants or



{30776379;3}

- 3 -

their counsel on or before 5 o'clock, April 24 2015, shall be deemed good and sufficient service thereof; KMC

**IT IS FURTHER ORDERED** that any papers in opposition to this Order to Show Cause be personally served on Plaintiff's counsel and on the Court no later than __:__ o'clock 5 p.m. on April 24 2015, and any reply papers shall be served on Defendants' counsel and on this Court on or before 5 o'clock p.m. on May 1, 2015; and

**IT IS FURTHER ORDERED** that preliminary discovery in this matter shall be expedited and completed prior to the hearing date for Plaintiff's Motion for a Preliminary Injunction, as follows:

1. Plaintiff and the Defendants (collectively, the "Parties") shall each be permitted to serve ten (10) Requests for Production/Inspection pursuant to Fed. R. Civ. P. 34 and ten (10) Interrogatories pursuant to Fed. R. Civ. P. 33, on or before April ___, 2015;
2. Responses and objections to the Parties' respective Requests for Production/Inspection and Interrogatories shall be due on or before April ___, 2015;
3. Any non-objectionable inspection (including a forensic analysis of Defendants' Electronically Stored Information "ESI") pursuant to Rule 34 shall be permitted on or before April ___, 2015;
4. Non-objectionable documents responsive to the Parties' Requests for Production shall be exchanged on or before April ___, 2015;
5. Motions to Compel production under Fed. R. Civ. P. 37 shall be filed on or before April ___, 2015; and

It is further ordered that Plaintiff is to post a $25,000 bond by 5pm on April 13, 2015.

{30776379;3}

- 4 -

6. Reponses in Opposition to any Motion to Compel shall be due on or before __:__ o'clock __.m., April ___, 2015, the date of the Preliminary Injunction Hearing.

SO ORDERED: April **10**, 2015

_____
United States District Judge