Prieta, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KLX INC.,

Plaintiff,

-against-

DAVID NISSEN and
JOAN NISSEN,

Defendants.

ECF Case

Civil Action No. 7:15-cv-2782 (LAP)(JCM)

**STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE
ORDER**

This lawsuit is presently in active litigation and reference is made to the Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, entered by the Court on April 10, 2015 (the "Order"). Discovery and/or materials produced for inspection in advance or pursuant to the agreement of the parties or an appropriate order of the Court permitting expedited discovery related to the issues in dispute involve documents and/or materials containing confidential information of the parties, proprietary business information, and information that the parties contend constitute trade secrets. The parties desire to avoid disputes over the production and review of such information and any future information produced, and therefore consent to entry of this Stipulated Confidentiality Agreement and Protective Order.

IT IS HEREBY ORDERED THAT:

1.     The parties to this action, and any non-party from whom discovery is sought in connection with this action (a "Designating Party"), may designate material or information whether standalone or embodied in documents, things, deposition testimony, interrogatory answers or other materials, as (1) Confidential Information or (2) Highly Confidential Information. No designation shall be made unless a Designating Party believes in good faith that

{30832104;1}

the designated material is entitled to protection under Rule 26(c)(G) of the Federal Rules of Civil Procedure.

2.     Any non-party may join in this Protective Order by executing and filing with the Court the attached Stipulation of Non-Party to Join Stipulated Confidentiality Agreement and Protective Order, and shall have the same rights and obligations under the Stipulated Confidentiality Agreement and Protective Order as any party to this action.  This Stipulated Confidentiality Agreement and Protective Order shall be without prejudice to the right of any non-party to oppose production of any information for lack of timeliness or relevance or materiality, as a privileged communication, or as work product of counsel, as not calculated to lead to the discovery of admissible evidence, upon any other ground, or the right of a non-party to seek to exclude any information from being used as evidence in the case.

3.     The following terms shall be defined as follows:

A.     The term "Confidential Information" when employed by any Designating Party means documents and things that are confidential, proprietary, and not lawfully known to the general public, and which are designated as Confidential Information in the manner described in paragraphs 4, 5, or 12 hereof.  Confidential Information shall not be shared with nor reviewed by any person who is not a "qualified person" as defined in paragraph 6(A) hereof.

B.     The term "Highly Confidential Information" when employed by any Designating Party shall mean documents or things that the Designating Party has a good faith belief qualifies as "trade secrets" under New York law, or information relating to confidential business practices, customers and prospective customers, or competitively sensitive strategic or financial data, or marketing plans that could potentially be used by the requesting party or another party for commercial use or otherwise to harm the competitive position of the

Designating Party. "Highly Confidential Information" includes, without limitation, such information, documents and things that were available to or accessible to Defendants during the course of their employment with KLX and its predecessors. "Highly Confidential Information" shall be for review only by outside counsel for the non-producing party, qualified persons in counsel's law firm, and outside counsel's retained consulting or testifying experts. "Highly Confidential Information" shall not be shared with nor reviewed by any person who is not a "Qualified Person" as defined in Paragraph 6(B) hereof. Upon receipt and review of "Highly Confidential Information," absent the written agreement of the parties, a non-producing party may only disclose "Highly Confidential Information" to in-house counsel, otherwise the parties must obtain either (i) the written agreement, in advance, from the producing party or (ii) a ruling from the Court allowing such disclosure to anyone else.

C.     "Confidential Information" and "Highly Confidential Information" includes all such designated information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, in hearing or trial transcripts, in responses to requests for admissions, in responses to requests for production, or otherwise made available to counsel for either party in this action. The provisions in this Stipulated Confidentiality Agreement and Protective Order shall apply to material designated "Confidential" or "Highly Confidential" at depositions conducted and transcribed before the Court's entry of this Stipulated Confidentiality Agreement and Protective Order. The restrictions set forth in this Stipulated Confidentiality Agreement and Protective Order shall not apply to information and material which (a) was, is, or becomes public knowledge, in a manner that is not in violation of this Stipulated Confidentiality Agreement and Protective Order or (b) is acquired

from a third party lawfully possessing such information and/or having no obligation (contract or otherwise) with regard to its disclosure.

        D.     The parties may dispute whether certain information is confidential and protectable under the confidentiality provisions of certain agreements. The definition, designation, or treatment by any party of information as "Confidential" or "Highly Confidential" under this Stipulated Confidentiality Agreement and Protective Order shall not be taken as an admission regarding such dispute. However, even though a designation may be disputed, all parties and non-parties are required to treat a document or item of information as "Confidential" or "Highly Confidential" until such designation has been removed by the designating party or by the Court.

        4.     Any document or portion thereof, including any transcripts, exhibits, answers to interrogatories, responses to requests for admissions or copies thereof, as well as physical objects, recordings, or things, which the Designating Party believes to contain Confidential Information or Highly Confidential Information shall be so designated by stamping or otherwise applying thereto the designation "Confidential Information" or "Highly Confidential Information" as appropriate, in which case the designated document or portion thereof and the information contained therein will be treated in accordance with the terms of this Stipulated Confidentiality Agreement and Protective Order.

        5.     All Confidential Information or Highly Confidential Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated pursuant to paragraph 4, shall be designated by the Designating Party by informing the requesting party in writing, and thereafter it shall be the responsibility of the requesting party to assure that any

further disclosure or use of the information is thereafter limited in accordance with this Stipulated Confidentiality Agreement and Protective Order.

6.    The term "qualified person," with respect to "Confidential Information" or "Highly Confidential Information" shall be defined as follows:

A.    With respect to all Confidential Information, "Qualified Person" shall mean:

(i)    the Court and its staff;

(ii)    retained outside litigation counsel for Plaintiff, their regularly-employed office staff, and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

(iii)    all parties to this action;

(iv)    retained outside litigation counsel for Defendants, their regularly-employed office staff, and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

(v)    in-house counsel and other employees of a party to this action, provided that the receiving party has deemed necessary disclosure of information designated confidential by another party to such employee in connection with the prosecution or defense of this action.  Such receiving party shall obtain a signed Certificate of Consent to be Bound by Stipulated Confidentiality Agreement and Protective Order ("Certificate of Consent") from any such employee prior to disclosing any Confidential Information to that employee.  The parties acknowledge that it shall be a violation of this Stipulated Confidentiality Agreement and Protective Order to disclose Confidential Information to any such employee without first obtaining a signed copy of the Certificate of Consent or to disclose any Confidential Information

{30832104;1}

to such employee for any purpose other than the prosecution or defense of this action. The party disclosing any confidential information under this paragraph shall ensure that any such employee to whom confidential information is disclosed shall not retain any copy, electronic or otherwise, of any confidential information;

        (vi)    employees of any non-party who are entitled to see the information as part of their scope of employment duties, and those individuals reflected as having seen, or the individual who authored, the discovery material;

        (vii)    third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a party to assist in this litigation who have no other current relationship with any of the parties hereto or any of their present competitors, pursuant to the procedures in paragraph 9 below;

        (viii)    any certified shorthand or Court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case; and

        (ix)    such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court.

        B.    With respect to all Highly Confidential Information, "Qualified Person" shall mean:

        (i)    the Court and its staff;

        (ii)    only retained outside litigation counsel of record for Plaintiff or Defendants and their regularly-employed office staff, and organizations retained by such attorneys to provide litigation support services in this action and the employees of such organizations;

(iii)   employees of the Designating Party who are entitled to see the information as part of their scope of employment duties;

(iv)   third-party experts or consultants, and the employees of such experts and consultants who are assisting them, engaged by counsel or a party to assist in this litigation who have no other current relationship with any of the parties hereto or any of their present competitors, pursuant to the procedures in paragraph 9 below;

(v)   third parties specifically retained to assist the attorneys of record in translating, copying or computer-coding of documents, transcribing or videotaping depositions, or assisting with trial presentation, but only for purposes of translating, copying or computer-coding of Highly Confidential Information, or transcribing or videotaping depositions, or assisting with trial presentation;

(vi)   any paralegal, secretarial, or clerical personnel regularly employed by any Qualified Person (as defined in this paragraph B) who is working on the matters related to this action; and

(vii)   such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court.

7.   All Confidential Information or Highly Confidential Information shall be available only to Qualified Persons (as defined in paragraph 6 above), shall be retained by them in strictest confidence, shall not be disclosed to any other person who is not a Qualified Person entitled to see the respective category of information, and shall not be used for any purpose other than this litigation, without the prior written consent of the designating party or by Order of the Court, such Order obtained pursuant to an affidavit of reasonable necessity or a noticed motion. All produced Confidential Information and Highly Confidential Information shall be carefully

maintained so as to preclude access by individuals who are not Qualified Persons under paragraph 6(A) or 6(B).

8.      Other than to assist counsel in the preparation associated with this case, all Qualified Persons shall conform strictly with any applicable federal law and laws of the State of New York related to the confidentiality of Confidential Information and Highly Confidential Information. Such information shall be used only for preparation of this litigation and shall be governed by the terms of this Stipulated Confidentiality Agreement and Protective Order.

9.      Each such Qualified Person under paragraphs 6(A) or 6(B) to whom Confidential Information or Highly Confidential Information is to be disclosed shall be given a copy of this Stipulated Confidentiality Agreement and Protective Order. Each such person shall agree and acknowledge that he (or she) is fully familiar with the terms of this Stipulated Confidentiality Agreement and Protective Order, or any amended or further order as the Court may enter in furtherance of this Stipulated Confidentiality Agreement and Protective Order, and agrees to comply with and be bound by such.

10.      In the event the attorney of record for a party to this Stipulated Confidentiality Agreement and Protective Order desires that Confidential Information or Highly Confidential Information be disclosed to anyone other than a Qualified Person, the parties shall confer and attempt to resolve the matter; if no agreement can be reached, the matter shall be referred to the Court for disposition. If an agreement is reached, or the Court decides that the document shall be disclosed, the person to whom disclosure is to be made shall execute an acknowledgment that the person is subject to this Stipulated Confidentiality Agreement and Protective Order.

{30832104;1}

11.    No Confidential or Highly Confidential Information material shall be filed in the public record of this action unless filed under seal, pursuant to a Court order, or with the express consent of the Designating Party.

12.    Any party or non-party may designate as Confidential Information or Highly Confidential Information any portion of deposition testimony by that party or non-party's employee, agent, or representative. Further, if at any time during the deposition of that party or non-party's employee, agent, or representative information is sought that the party considers to be Confidential Information or Highly Confidential Information, counsel for that party or non-party may during any said deposition so designate such testimony as Confidential Information or Highly Confidential Information, representatives for other parties may be asked to leave the room, and the Court reporter will designate the portions of the deposition transcript that are to be considered Confidential Information or Highly Confidential Information. Aside from deponents, only Qualified Persons will be allowed to attend confidential portions of depositions involving Confidential Information or Highly Confidential Information, and then only as to portions of the deposition involving Confidential Information or Highly Confidential Information that they are otherwise entitled to receive under the terms of this Protective Order.

13.    Depositions or portions thereof that contain Confidential Information or Highly Confidential Information shall be separately bound in a confidential volume, marked "Confidential Information," or "Highly Confidential Information," as appropriate, in accordance with paragraph 6 hereinabove, and shall, if required, be separately filed as provided herein so as to distinguish such Confidential Information or Highly Confidential Information deposition or portions thereof from non-confidential, public depositions or public portions thereof. Depositions or portions thereof containing Confidential Information or Highly Confidential

Information shall be fully subject to the relevant provisions of this Stipulated Confidentiality Agreement and Protective Order.  At any deposition session, when counsel for a party to this Protective Order deems that a question and/or the answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel may designate as "Confidential Information" or "Highly Confidential Information," as appropriate, the portion of the transcript containing such question or answer.  Where appropriate in light of the amount of Confidential Information or Highly Confidential Information likely to be disclosed at a given deposition, outside counsel for the parties may agree at the beginning of the deposition that the entire transcript shall be designated Confidential Information or Highly Confidential Information subject to review of the transcript and withdrawal of any unnecessary Confidential Information or Highly Confidential Information designation within 30 days of receipt of the transcript.  However, if a party wishes to have sealed any brief containing citations to Confidential Information from such a deposition, the party must have designated in good faith as Confidential Information or Highly Confidential Information the information in the deposition to be protected, with the narrowest possible designation, excluding non-confidential information, within 30 days of receipt of the deposition transcript ("Individual Confidentiality Designation").

14.    A party also shall have 30 days after receipt of a deposition transcript not otherwise subject to a confidentiality designation to designate portions of it Confidential or Highly Confidential.  Portions of a deposition not so designated may be used in briefs to the Court filed in the public record.

15.    Nothing in this Stipulated Confidentiality Agreement and Protective Order constitutes a finding that any of the information disclosed or contained in any designated documents or things is or is not confidential, proprietary, or trade secret protected, and nothing

{30832104;1}

herein shall prevent any party from contending, during the progress of this lawsuit, and upon notice to opposing counsel, that any or all of such information is or is not confidential, proprietary, or trade secret protected, or that such information was or was not publicly or commercially used.

16.     Subpoenas of Confidential Information.  If any entity, including law enforcement, investigatory or regulatory body, subpoenas, orders production, issues a civil investigatory demand or otherwise compels production of Confidential Information or Highly Confidential Information that a receiving party has obtained subject to this Stipulated Confidentiality Agreement and Protective Order, the receiving party shall promptly notify the Designating Party of the subpoena or order, and in no event more than five (5) days after receiving such subpoena or order, object to the subpoena or order on grounds that the information is protected by this Stipulated Confidentiality Agreement and Protective Order.  Such notification must include a copy of the subpoena or order compelling disclosure.  The party receiving the subpoena or order compelling disclosure shall immediately inform in writing the party who caused the subpoena or order to issue that some, or all, of the material covered by the subpoena or order is the subject of this Stipulated Confidentiality Agreement and Protective Order and promptly deliver to such party a copy of this Stipulated Confidentiality Agreement and Protective Order.

The Designating Party shall thereafter assume the defense of such objection and the receiving party shall have no further obligation with respect to the objection, with the exception of retaining the confidentiality of the Confidential Information or Highly Confidential Information requested until required by court order, or the Designating Party's agreement, to disclose the Confidential Information.

17.    Within 60 days after the conclusion of this action, including appeals, all documents designated by the any party or non-party as containing Confidential Information or Highly Confidential Information under the terms of this Stipulated Confidentiality Agreement and Protective Order shall be destroyed or delivered to counsel for the designating party, unless otherwise agreed to in writing.  Provided, however, that the law firms representing the parties in this cause shall not be obligated to remove any documents, summaries, memoranda, attorney-work product, or pleadings from their files, to remove, delete or alter any electronic databases, or to alter any "back-up tapes" or other electronic copies of data maintained by the law firms for use to retrieve electronic data, including those maintained for the purpose of a computer system failure or other loss of data.

18.    If at any time a party or non-party produces or makes available for inspection documents or things that do not contain a confidentiality designation, the requesting party agrees to allow the designating party an opportunity to apply the appropriate designation to the document.  If any party to this Stipulated Confidentiality Agreement and Protective Order objects to a designation of Confidential Information or Highly Confidential Information, that party may, at any time, request the designating party to rescind the designation (or portion thereof).  If the parties do not agree to rescind the designation then, in response to a written request particularly identifying the specific documents or information at issue, the designating party shall identify portions of the specified documents that are considered to reflect Confidential Information or Highly Confidential Information; the party that desires that the particular documents be disclosed to someone other than a Qualified Person may then redact the identified portions and produce the redacted document to someone other than a Qualified Person.  If the request to rescind is denied and the parties are unable to agree on the identification of

Confidential Information or Highly Confidential Information portions, the party seeking to make the disclosure may move the Court for an order declaring that the information is not Confidential Information or Highly Confidential Information (either with or without Limited Party Review) protected by this Stipulated Confidentiality Agreement and Protective Order. Any information designated as Confidential Information or Highly Confidential Information shall be treated as such until order of the Court to the contrary.

19.    This Stipulated Confidentiality Agreement and Protective Order may be amended by the agreement of all counsel of record for the parties in the form of a stipulation, which shall be filed in this case.

20.    Any party or non-party for good cause may apply to the Court for a modification of this Stipulated Confidentiality Agreement and Protective Order.

21.    In the event any party or non-party inadvertently discloses material or information that is confidential or otherwise privileged (i.e., subject to the attorney-client privilege or the attorney work product doctrine), whether standalone or embodied in documents, things, deposition testimony, interrogatory answers or other materials, the inadvertently disclosed material or information shall be promptly returned to the disclosing party upon written request. In the event that there is a dispute as to whether certain information or material is privileged independently of its inadvertent disclosure, the disclosing party may move for an order declaring that the information or material is privileged. In the event the Court determines the information or material is privileged, then the parties in possession of the privileged information or material shall return said information or material to the disclosing party as soon as practicable.

22.    The fact that any counsel in this litigation (i) agrees to be bound by this Stipulated Confidentiality Agreement and Protective Order and/or (ii) receives Confidential Information or

Highly Confidential Information pursuant to this Stipulated Confidentiality Agreement and Protective Order may not be used to seek to disqualify any party's counsel from their representation of any client, including without limitation, representation of counsel's current client, in any other matter.

23.     Extracts and summaries of Confidential Information or Highly Confidential Information shall also be treated as confidential or highly confidential, respectively, in accordance with the provisions of this Stipulated Confidentiality Agreement and Protective Order.

24.     The production or disclosure of Confidential Information or Highly Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

25.     This Stipulated Confidentiality Agreement and Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of any the Stipulated Confidentiality Agreement and Protective Order. The provisions of this Stipulated Confidentiality Agreement and Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

26.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

IT IS SO ORDERED.

This _14th_ day of _May_____, 2015.

_Loretta A. Preska_

HON. LORETTA A. PRESKA
UNITED STATES DISTRICT COURT JUDGE

Consented and agreed to:

Michael C. Marsh
Scott M. Kessler
Christopher R. Lepore
**AKERMAN LLP**
New York, New York 10103
Telephone: (212) 880-3800
Facsimile: (212) 905.6496
*Attorneys for Plaintiff,*
*KLX Inc.*

Norman R. Cerullo
**RUSKIN MOSCOU FALTISCHEK, PC**
East Tower, 15th Floor, 1425 RXR Plaza,
Uniondale, New York  11556
ncerullo@rmfpc.com
Telephone: (516) 663-6635
Facsimile: (516) 663-6835
*Attorney for Defendants David Nissen and*
*Joan Nissen*

{30832104;1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLX INC.,<br><br>                      Plaintiff,<br><br>         -against-<br><br>DAVID NISSEN and<br>JOAN NISSEN,<br><br>                Defendants. | ECF Case<br><br>Civil Action No. 7:15-cv-2782 (LAP)(JCM) |

### CERTIFICATE OF CONSENT TO BE BOUND
### BY STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned, having read and understood the Stipulated Confidentiality Agreement and Protective Order entered in the above-captioned matter on _____, 2015, which governs the restricted use of documents and other information designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" pursuant to the Stipulated Confidentiality Agreement and Protective Order, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

If the undersigned is an expert or consultant retained by Plaintiff, the undersigned hereby further certifies that he or she is not presently, and has no present plans to become, a competitor (or a consultant, expert, or employee of a competitor) of KLX Inc.

Date: _____, 2015.

                                 Name: _____

                                 Address: _____

                                             _____

                                 Signature:_____

{30832104;1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLX INC., | ECF Case |
| Plaintiff, | Civil Action No. 7:15-cv-2782 (LAP)(JCM) |
| -against- | |
| DAVID NISSEN and JOAN NISSEN, | |
| Defendants. | |

## STIPULATION OF NON-PARTY TO
## JOIN STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned having consented hereto, it is hereby stipulated that Non-Party

_____ joins in the Stipulated Confidentiality Agreement and Protective Order

having all rights and obligations under the Stipulated Confidentiality Agreement and Protective

Order as any party to this action.

Consented and agreed to:

Dated: _____, 2015

_____

[NON-PARTY]

{30832104;1}

17