

Scott M. Kessler

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103
Tel:  212.880.3800
Fax:  212.880.8965

Dir:  212.880.3874
Dir Fax:  212.905.6411
Scott.Kessler@akerman.com

May 29, 2015


<u>**VIA ECF**</u>

The Honorable Loretta A. Preska, Chief U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, NY  10007

> Re:   *KLX Inc. v. Nissen, et al*., 7:15 Civ. 2782 (LAP)

Dear Judge Preska:

We represent Plaintiff KLX Inc. ("Plaintiff" or "KLX") in the above-referenced matter. We submit this pre-motion conference letter pursuant to Local Civil Rule 37.2 of the Southern District of New York in anticipation of Plaintiff's motion to compel Defendants to comply with Plaintiff's discovery requests.[1]

We made numerous attempts to confer on the below issues with Defendants' counsel.  On May 25, 2015, we sent a detailed letter outlining these issues and requesting a meet and confer with Defendants' counsel.  We received no response.  On May 28, 2015, we again requested to meet and confer and offered to make ourselves available at any time on May 29, 2015. However, despite Your Honor's May 14, 2015 Order granting expedited discovery in this action and the limited amount of time to conduct discovery prior to the preliminary injunction hearing scheduled for June 29-30, 2015, Defendants' counsel responded that he would not make himself available to confer until at least June 2, 2015 – more than a week after our original letter.  During this time, Defendants' counsel also indicated to us that, even though he is apparently unavailable to meet and confer with us on these issues, he intends to write to us separately regarding unrelated issues with Plaintiff's discovery responses.  Accordingly, we submit this pre-motion letter based on Defendants' refusal to make himself available to confer in a timely fashion.

---

[1] Defendant David Nissen's responses to Plaintiff's discovery requests (including its Requests for Production, Interrogatories, and Requests for Admission) are attached hereto as **Composite Exhibit A**.  Defendant Joan Nissen's responses to Plaintiff's discovery requests are attached hereto as **Composite Exhibit B**.

The Honorable Loretta A. Preska, Chief U.S.D.J.
May 29, 2015
Page 2
_____

## I.      GENERAL DEFICIENCIES

### A.      Defendants' Improper Limitation on the Timeframe of Plaintiff's Requests for Admission

Defendants unilaterally limited the applicable timeframe for their responses to Plaintiff's Requests for Admission to "December 15, 2015 [sic] to the present." Plaintiff's requests – absent those that are already limited as to timeframe – are relevant and proper regardless of timeframe. By way of example only, Plaintiff's Request Nos. 6 and 7 request that Defendants admit that they have transmitted KLX's confidential and/or proprietary information ("KLX Confidential Information") to their current employer. Defendants' transmittal of KLX Confidential Information to a competitor would, *at any time*, be highly relevant to this action. Accordingly, Defendants' limitation is inappropriate.[2]

## II.     SPECIFIC DEFICIENCIES

### Request For Production Nos. 4 and 5

Plaintiff requested any documents or information concerning communications regarding KLX's Confidential Information (including any transmittals thereof) by any current KLX employees. Defendants generally objected that these Requests are overbroad, unduly burdensome, vague, ambiguous, not limited as to time, and not reasonably calculated to produce admissible evidence. Defendants are refusing to produce any relevant documents or information. The documents and information sought by these requests are undeniably relevant. KLX is entitled to discovery on the scope of information misappropriated by Defendants, including whether any materials were sent to them from current KLX employees after their separation from KLX. *See Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 09 CIV 10392 (RMB), 2010 WL 5158183, at *3 (S.D.N.Y. Dec. 9, 2010) ("[T]he scope of discovery under Fed.R.Civ.P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.") (internal citations and quotations omitted). Moreover, these Requests are limited to "after the termination of [Defendants'] employment with KLX," which includes the narrow time of between February 2015 to the present. Accordingly, Defendants' rote objections have no merit. Defendants, therefore, must produce all relevant and responsive documents to these requests.

---

[2] Defendants object to many of Plaintiff's requests, including the definition of "Proprietary Information," on grounds of relevance, scope, vagueness, ambiguity and burden. However, Defendants fail to assert any legitimate explanation as to how any particular request is overly broad, vague, ambiguous, vexatious, unduly burdensome or not reasonably calculated to lead to admissible evidence. It is impossible for Plaintiff to determine whether and which documents are being withheld on the basis of these perfunctory objections. Thus, to the extent Defendants are withholding responsive documents or information on the basis that a request is irrelevant, overly broad or unduly burdensome, Defendants must (i) produce such responsive documents immediately; or (ii) set forth a particularized explanation as to which documents are being withheld and how such responsive documents are irrelevant and/or overly burdensome to produce.

The Honorable Loretta A. Preska, Chief U.S.D.J.
May 29, 2015
Page 3
_____

**Request for Production No. 8**

    KLX requested documents and communications of KLX customers which Defendants contacted since their separation from KLX.  Defendants responded, in sum and substance, that they would only produce documents and communications concerning customers they have contacted in violation of TRO.  This unilateral limitation on the scope of Plaintiff's request is inappropriate.  KLX is entitled seek documents and information relevant to the upcoming preliminary injunction hearing and prosecution of this action (and, in this regard, are not limited to Defendants' beliefs regarding their compliance with the TRO), and this information is highly relevant.  Accordingly, Defendants must produce all relevant and responsive documents.

**Interrogatory No. 5**

    KLX requested the identities the identities of anyone with whom Defendants communicated in connection with this matter or allegations of the complaint. Defendants responded that they have communicated with "family members."  This is not an appropriate response.  Defendants are required to identify the specific individuals with whom they have communicated regarding this matter, as there is no "family member" privilege.  Accordingly, Defendants must amend this response.

**Interrogatory Nos. 7 and 8**

    As with Requests for Production 4 and 5 above, KLX requested the identities of any current KLX employees with whom Defendants communicated concerning KLX's Confidential Information (including any transmissions thereof) after the termination of their employment with KLX.  Defendants similarly refused to respond to these Interrogatories.  For the reasons set forth above, Defendants must amend their responses to these Interrogatories.

**Interrogatory No. 9**

    KLX requested the identities of KLX customers which Defendants contacted since their separation from KLX.  Defendants responded, in sum and substance, that they have not contacted customers in violation of TRO.  As set forth above for Request for Production No. 8, this limitation on the scope of Plaintiff's Interrogatory is improper.  Accordingly, Defendants must amend this response.

    Based on the foregoing, Plaintiff requests that the Court set a pre-motion conference in anticipation of Plaintiff's motion to compel Defendants to comply with Plaintiff's discovery requests.

Very truly yours,

/s/ *Scott M. Kessler*

Scott M. Kessler

The Honorable Loretta A. Preska, Chief U.S.D.J.
May 29, 2015
Page 4
_____


cc:    Jennifer Hartmann, Esq.
        Michael Marsh, Esq.
        Andrew Loewenstein, Esq.
        Christopher Lepore, Esq.

{30516251;2}