

Writer's Direct Dial: (516) 663-6635
Writer's Direct Fax: (516) 663-6835
Writer's E-Mail: ncerullo@rmfpc.com

June 2, 2015

**VIA ECF**

Honorable Loretta A. Preska, Chief U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007-1312

   Re:   *KLX Inc. v. Nissen, et al.,* 7:15 Civ. 2782 (LAP) (JCM)

Dear Judge Preska:

   We represent Defendants, David and Joan Nissen, in the above-referenced action. I write in response to the letter of Plaintiff, KLX Inc., dated May 29, 2015, seeking a Local Rule 27.3 Conference in anticipation of Plaintiff's motion to compel Defendants to comply with Plaintiff's discovery requests. (Dckt. No. 35). Respectfully, and for the reasons discussed herein, Plaintiff's request for a pre-motion conference should be denied.

   As an initial matter, the Court should be advised that counsel for the parties have a telephonic meet and confer scheduled for today at 3:00 p.m. to discuss numerous discovery matters, including Plaintiff's own gross discovery failures. It was and continues to be my belief that the parties should engage in a single meet and confer to discuss all pending discovery issues so as to streamline the process and, to the extent issues can not be resolved, applications to the Court can be made in an efficient, application. The parties were in the midst of scheduling this meet and confer when Plaintiff's counsel filed the May 29th letter.

   Even if today's meet and confer were not scheduled, Plaintiff's request for a pre-motion conference still should be denied because a motion to compel at this stage of the discovery process would be premature and baseless. Indeed, Defendants have provided their electronic devices and their personal email accounts to Plaintiff's vendor, and Plaintiff's vendor is applying the ESI Protocol to those devices (Dckt. No. 34) to gather the responsive data. Given that Plaintiff is involved in (*and in fact running*) the process by which Defendants will produce the responsive information that is at the heart of this case, Plaintiff's letter complaining of tangential matters primarily dealing with written discovery responses is simply additional evidence of Plaintiff's steadfast adherence to its scorched earth litigation strategy. Accordingly, Plaintiff has no basis to make a motion to compel.



Honorable Loretta A. Preska, Chief U.S.D.J.
June 2, 2015
Page 2

      Furthermore, I strongly dispute counsel's representation that I would not make myself available to meet and confer in a timely fashion. In the evening of May 28, 2015, Plaintiff's counsel requested a telephonic meet and confer the next day to discuss only Defendants' responses and objections to Plaintiff's discovery requests. The next morning, I responded that I was not available until Tuesday, June 2, 2015 because, among other things, I would be away for a long weekend on a previously scheduled family trip that was already postposed once due to pressing matters in this action. I invited counsel to my office for an in person meet and confer first thing on the morning of June 2, 2015. Plaintiff's counsel declined, stating that he had his own previously scheduled family engagement the morning of June 2nd. He filed the May 29th letter shortly thereafter.

      And while counsel claims he has been requesting a meet and confer since May 25, 2015, counsel did not propose a date and time for such a meet and confer until the evening of May 28th. Regardless, it was my understanding that any issues Plaintiff had with Defendants' responses and objections to Plaintiff's discovery requests were either mooted or placed in abeyance by the May 27, 2015 conference and the subsequent implementation of the ESI Protocol. Indeed, before Your Honor and separately, Plaintiff's counsel agreed that implementation of the ESI Protocol would largely satisfy Defendants' discovery obligations. Plaintiff did not inform me otherwise until the evening of May 28th.

      Since the inception of this case, I have made myself available at all hours, off hours and on weekends, in order to resolve disputes in this matter without further need for court intervention. Given that the *only* time I have been unavailable is this past weekend for a previously scheduled family trip, Plaintiff's May 29th letter reflects a clear lack of professional courtesy. Plaintiff's counsel's lack of reciprocal professional courtesy is particularly disappointing given that Your Honor may recall that I extended counsel additional time to file Plaintiff's opposition Defendants' motion to dismiss the complaint due to his own stated personal, family matter just days prior during the May 27 conference.

      Respectfully, the Court should deny Plaintiff's request for a pre-motion conference in anticipation of its motion to compel and award Defendants their attorney's fees and costs associated with this unnecessary responsive letter.



Honorable Loretta A. Preska, Chief U.S.D.J.
June 2, 2015
Page 3

            Respectfully submitted,

            <u>s/ Norman R. Cerullo</u>
            Norman R. Cerullo
            For the Firm

cc: Christopher R. Lepore, Esq. (*counsel for Plaintiff*)
   Matthew A. Steinberg, Esq. (*counsel for Plaintiff*)
   Michael C. Marsh, Esq. (*counsel for Plaintiff*)
   Scott M. Kessler, Esq. (*counsel for Plaintiff*)

618088