



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/15

Scott M. Kessler

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103
Tel: 212.880.3800
Fax: 212.880.8965

Dir: 212.880.3874
Dir Fax: 212.905.6411
Scott.Kessler@akerman.com

May 27, 2015

**VIA ECF**

The Honorable Loretta A. Preska, Chief U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, NY  10007

Re: **KLX Inc. v. Nissen, et al.; Case No. 7:15 Civ. 2782 (LAP)**

Dear Judge Preska:

　　　　We represent Plaintiff KLX Inc. ("Plaintiff" or "KLX") in the above-caption matter. We jointly submit this letter with Norman R. Cerullo, Esq., counsel to Defendants David Nissen and Joan Nissen ("Defendants" or the "Nissens"), to memorialize Your Honor's rulings and the upcoming scheduling deadlines from the conference held this morning.

1. The Nissens are directed to produce to Plaintiff's vendor, Evolve Discovery, the following identified devices for imaging and inspection by the close of business on May 28, 2015, in accordance with the finalized Electronically Stored Information Protocol, dated May 27, 2015 (and attached hereto): three (3) laptop computers; two (2) iPhones; and (1) thumb drive.

2. On or before June 15, 2015, the parties are to exchange witness and exhibit lists for the Preliminary Injunction Hearing, scheduled for June 29-30, 2015.

3. KLX shall respond to Defendants' motion to dismiss on June 16, 2015; and Defendants shall submit their reply papers on July 10, 2015.

4. Counsel for the parties shall appear before the Court for a status conference on a date and time to be determined by the Court but in advance of the scheduled Preliminary Injunction Hearing.

5. The Clerk of Court shall mark the motions reflected in docket numbers 14 and 30 terminated.

So ordered
Loretta A. Preska, USDJ
6/1/15

akerman.com

{32262687;1}

The Honorable Loretta A. Preska, Chief U.S.D.J.
May 27, 2015
Page 2

---

                          Respectfully submitted,

                          /s/ *Scott M. Kessler*

                          Scott M. Kessler

Enclosure

cc:    Norman R. Cerullo, Esq.
        Jennifer L. Hartmann, Esq.

{32262687;1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KLX INC., | ECF Case |
| Plaintiff, | Civil Action No. 7:15-cv-2782 (LAP) |
| -against- | **ELECTRONICALLY STORED** |
| DAVID NISSEN and JOAN NISSEN, | **INFORMATION PROTOCOL** |
| Defendants. | |

Plaintiff KLX Inc. ("Plaintiff") and Defendants David Nissen and Joan Nissen (collectively, "Defendants"), in the above-captioned matter, hereby agree to the following protocol for the search/analysis of Defendants' electronically stored information ("ESI"):

1. **Custodians**. The parties have agreed that Evolve Discovery (the "Vendor") will conduct ESI searches for the following custodians for all devices and email accounts, as defined in Paragraph 2 below, in the custodians' possession custody and/or control:

   - David Nissen
   - Joan Nissen

2. **Items To Be Imaged/Inspected**. The parties have agreed that Defendants will produce to the Vendor for imaging and/or inspection, by the close of business on May 28, 2015: any computer hard drive; any computer; any computer diskette, CD ROM, or DVD; any removable media or external storage devices including, but not limited to, printers, zip drives, jump drives, cloud storage devices, flash drives, USB drives, thumb drives, or any other external drives; and any iPhone, Android, Blackberry, Palm Pilot, cellular telephone, tablet, or any electronic organizing and/or messaging device in the custodians' possession, custody and/or

{32259743;1}

1

control on which Proprietary Information[1] was viewed, stored, printed, managed or accessed, at any time which will be the following based on representations by the custodians: 3 laptops, 2 iPhones, 1 thumb drive. The parties have further agreed that the custodians will provide the Vendor with access to all of their personal email accounts, which will be the following, based on representations by the custodians that they have not used any other accounts: **nissman624@aol.com** and **justj412@aol.com**.

3.  **Search Terms.** The parties have agreed that the following search terms will be used in connection with the ESI searches of the custodians' email accounts:

| Custodians | Time Period | Search Terms |
| --- | --- | --- |
| David Nissen<br>Joan Nissen | December 15, 2014 to April 10, 2015 | klx<br>beaerospace (fuzzy)<br>boeing<br>(middle w/5 river)<br>meggitt<br>m3 w/ tech!<br>(general w/5 electric)<br>("ge" OR "g.e.")<br>(pric! w/5 method! OR info!)<br>(customer w/5 list! OR contact! OR prefer!)<br>vendor!<br>supplier!<br>"Master_Exhibit D-11142014_validation copy" (fuzzy)<br>Interturbine<br>"Amendment_A012_65147-0379 dated 10-28-2014.pdf" (fuzzy)<br>"747 Alum Fasteners" (fuzzy)<br>"Shuff 747 Aluminum" (fuzzy)<br>(invoice w/5 analysis)<br>"Early February SIA EPP Parts to Transition" (fuzzy)<br>"Validation Quote for PCA H53 Nacelles" (fuzzy) |

---

[1] The term "Proprietary Information" shall have the same meaning as set forth in the Proprietary Rights Agreements executed by David Nissen and Joan Nissen on February 6, 2012, copies of which are annexed hereto as composite Exhibit A.

{32259743;1}

2

|  |  | "GKN Aerospace" (fuzzy) <br> "Airbus A320" (fuzzy) <br> boeing.txt <br> imm.txt <br> "Esterline Engineered Materials" (fuzzy) |
|---|---|---|

4. **Timing of Production**. Defendants shall produce all items for inspection to the Vendor within twenty-four (24) hours of the execution of this Protocol.

5. **Initial Review by Defendants' Counsel**. The Vendor shall initially provide only to Defendants' counsel with any report(s), document(s) and/or material(s) produced/recovered in connection with the searches and inspections described in Paragraphs 2 and 3 above for a period of seventy-two (72) hours. During such time, Defendants' counsel may review these report(s), document(s) and/or material(s) for responsiveness[2] and make any redactions for privilege. Upon the expiration of this time period, Defendants' counsel shall produce copies of any such report(s), document(s) and/or material(s) with all redaction(s) for privilege, along with a Privilege Log compliant with Local Rule 26.2 of the Southern District of New York and notice of any objections by Defendants to the content of these report(s), document(s) and/or material(s) if not subject to previous objection.

6. **Second Tier Review of Forensic Reports**: Within seventy two (72) hours of receiving any forensic report or analysis described in paragraph 5 above, Plaintiff will identify for the Vendor and Defense counsel the specific files or materials it wishes to have retrieved/recovered from the applicable media. The Vendor will then retrieve/recover these materials and provide them only to defense counsel for a period of seventy two (72) hours. During such time, Defendants' counsel may review these document(s) and/or material(s) for

---

[2] Document(s) and/or material(s) are "responsive" if they fall within the scope of documents, materials, or information sought by Plaintiff's discovery requests propounded on May 15, 2015, the instant ESI Protocol, and/or the allegations in the Complaint.

{32259743:1}

3

responsiveness and make any redactions for privilege. Upon the expiration of this time period, Defendants' counsel shall produce copies of any such document(s) and/or material(s) with all redaction(s) for privilege, along with a Privilege Log compliant with Local Rule 26.2 of the Southern District of New York and notice of any objections by Defendants to the content of these report(s), document(s) and/or material(s) if not subject to previous objection.

7.  **Confidentiality**: The terms of the Parties' Stipulated Confidentiality Agreement and Protective Order submitted to the Court on April 20, 2015 shall govern this ESI protocol and any materials produced as a result thereof. In addition, any items produced by the Defendants in connection with this ESI Protocol which are responsive but of a highly personal nature to the Defendants or which may be of a highly personal nature because the item(s) is (are) clearly and unmistakably Defendants' personal items–and also not property or items of KLX, or any KLX customer, vendor, employee, or affiliate (including affiliated entities thereof)–shall be designated "Confidential Attorney's Eyes Only" and shall not be disclosed to any other KLX employee, except in-house counsel, until the Court approves or the parties agree that such disclosure is permissible.

8.  **Discovery Obligations**. Defendants hereby warrant that, separate and apart from the above-described searches, they will produce any responsive and relevant ESI and/or documents in their possession, custody and/or control. Furthermore, the parties acknowledge that this Protocol does not obviate the parties' obligation to conduct diligent searches for relevant and responsive documents with respect to their discovery obligations in the above-captioned matter.

9.  **Vendor Costs**. Plaintiff to be solely responsible for all Vendor fees and costs.

{32259743:1}

4

Dated: May 27, 2015
New York, NY

AKERMAN LLP

By: _____
    Michael C. Marsh
    Scott M. Kessler
    Christopher R. Lepore

666 Fifth Avenue
New York, NY 10103
Telephone: (212) 880-3800
Facsimile: (212) 905-6411
michael.marsh@akerman.com
scott.kessler@akerman.com
christopher.lepore@akerman.com

*Counsel for Plaintiff*

Dated: May 27, 2015
New York, NY

RUSKIN MOSCOU FALTISCHEK, PC

By: _____
    Norman R. Cerullo
    Jennifer L. Hartmann

East Tower, 15th Floor, 1425 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 663-6635
Facsimile: (516) 663-6835
ncerullo@rmfpc.com

*Counsel for Defendants*