# <u>EXHIBIT F</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
KLX, INC., a Delaware Corporation,

                                    Plaintiff,          No. 15-cv-2782 (LAP)(JCM)

                - against -

DAVID NISSEN and JOAN NISSEN,

                                    Defendants.
------------------------------------------------------------------------ X

### RESPONSES AND OBJECTIONS TO PLAINTIFF'S
### FIRST SET OF INTERROGATORIES TO DEFENDANT JOAN NISSEN

Defendant, Joan Nissen ("Defendant"), by and through her attorney, Ruskin Moscou Faltischek, P.C., submits the following responses and objections to the interrogatories contained in Plaintiff's First Set of Interrogatories to Defendant Joan Nissen, dated May 15, 2015 ("Interrogatories" and each an "Interrogatory").

### GENERAL OBJECTIONS

1.      Defendant objects to the Interrogatories to the extent they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to the Interrogatories to the extent that they are overly broad, vexatious, unduly burdensome, and seek to impose obligations on Defendant that exceed those required by the Federal Rules of Civil Procedure and the Local Civil Rules.

3.      Defendant objects to the Interrogatories to the extent they use vague, ambiguous and undefined terms.

4.      Defendant objects to the Interrogatories to the extent that they are overlapping and duplicative.

5.      Defendant objects to the Interrogatories to the extent that they require the production or identification of personal and sensitive information or documents that is not responsive and/or neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendant objects to the Interrogatories to the extent they purport to require Defendant to perform anything more than a good-faith and diligent search for responsive information.  Defendant has conducted a diligent, good faith search to identify individuals and/or documents responsive to each individual request within the requirements of the applicable law. Defendant's responses are based upon information presently known to Defendant and her attorneys, and are set forth herein without prejudice to Defendant's right to assert additional objections or supplemental responses should Defendant discover additional information or grounds for objections.

7.      Defendant objects to the Interrogatories to the extent they seek the production of information outside the possession, custody or control of Defendant.  Defendant disclaims any obligation to collect or produce information from any person or entity other than himself.

8.      Defendant objects to the Interrogatories to the extent they call for information which Plaintiff has in its possession, custody or control or to which it has equal or greater access.

9.      Defendant objects to the Interrogatories to the extent they call for information that is privileged or exempt from discovery under the attorney-client communications privilege, work product doctrine (including materials prepared in anticipated of litigation or for trial), joint defense privilege, self-evaluating privilege, or other privilege or

- 2 -

exemption under applicable law.  Defendant does not waive, and intends to preserve, any applicable privilege or protection.  In the event that any privileged or protected information is disclosed by Defendant, the disclosure is inadvertent and will not constitute a waiver of any privilege or protection.  Further, to the extent that Defendant specifically objects to certain Interrogatories on the grounds of privilege but not specifically to other requests on that ground, this should not be taken as an indication that Defendant waives her privilege objection in any instance.

10.    Defendant objects to the "Definitions and Instructions" in the Interrogatories on the basis that, to the extent necessary, they instruct Defendant to supplement these Responses "within two (2) days after Defendant know, or should know, of such information."  To the extent necessary, Defendant will supplement these responses in accordance with Fed. R. Civ. P. 26(e).

11.    Defendant objects to the definition of "you," "yours" and/or "yourself" as overly broad and unduly burdensome.  Defendant also objects to this definition to the extent it purports to require her to produce documents in the possession, custody, or control of her present or former agents, servants, or representatives thereof, or any entity or individual other than Defendant.  Defendant disclaims any obligation to collect or produce documents from any entity or person other than herself.

12.    Defendant objects to the definition of "Proprietary Information" as overly broad, unduly burdensome, vague and ambiguous, and encompassing information that is that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

- 3 -

13.     Defendant objects to the "Definitions and Instructions" in the Requests on the basis that, with respect to documents "no longer in Defendant' [sic] possession, custody or control or is no longer in existence," they impose unduly burdensome requirements and impose obligations on Defendant that exceed those ordinarily imposed on a party by the Federal Rules of Civil Procedure and the Local Civil Rules.

14.     Defendant objects to the Interrogatories to the extent they are not limited as to time.

15.     Defendant reserves the right to make additional objections.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

Identify all persons who provided information for or assisted you in responding to these interrogatories.

**Response:**  Defendant incorporates the foregoing General Objections.

Subject to and without waiving the General Objections, Defendant Joan Nissen is the only person who provided information in responding to these Interrogatories.

**Interrogatory No. 2:**

Identify any and all document(s) and/or property of KLX in your possession, control or transmitted to a personal email account, including, but not limited to Proprietary Information.

**Response:**  Defendant incorporates the foregoing General Objections.  Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information in Plaintiff's possession, custody or control, as well as information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the basis that it is not limited as time, and that

- 4 -

the term "Proprietary Information" is overly broad, unduly burdensome and vague and ambiguous.

Subject to and without waiving the foregoing objections and General Objections, Defendant refers Plaintiff to documents previously produced bearing Bates numbers JNIS-KLX 00000001 through 00000038, and shall identify additional responsive, non-privileged documents if and when they are identified.

**Interrogatory No. 3:**

Identify each and every email account you have used during the past four (4) years.

**Response:** Defendant incorporates the foregoing General Objections. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the basis that it is not limited as to time. Defendant further objects to this Interrogatory to the extent it requires the production or identification of personal and sensitive information or documents that is not responsive and/or neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections and General Objections, Defendant identifies:

jnissen@ufcaero.com;

joan_nissen@beaerospace.com;

joan.nissen@klx.com;

jn41260@aol.com;

justj412@aol.com.

**Interrogatory No. 4:**

Identify each and every computer (whether desktop, laptop, PDA, or other type of computer), removal storage media device (whether thumb drive, stick drive, external hard drive, or other device), or wireless device (including cell phones, hot spots, etc.), including the make and model of the computer, device, or media, that you have used during the past four (4) years.

**Response:** Defendant incorporates the foregoing General Objections. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the basis that it is not limited as to time.

Subject to and without waiving the foregoing objections and General Objections, Defendant identifies:

Dell Latitude E6500 Laptop;

Dell Inspiron 1750 Laptop;

Apple iPhone 4;

Kindle Fire;

Dell Tablet.

**Interrogatory No. 5:**

Identify each and every person with whom you have communicated in connection with this matter and/or concerning any of the allegations in the Complaint, including, but not limited to, via electronic mail, text message, or social media communication.

**Response:** Defendant incorporates the foregoing General Objections. Subject to and without waiving the General Objections, Defendant identifies: family members.

- 6 -

**Interrogatory No. 6:**

Identify any third party to whom KLX document(s) and/or property, including, but not limited to, Proprietary Information, have been transmitted and provide a general description of the subject matter of any KLX document(s) and/or property, including, but not limited to, Proprietary Information, disclosed.

**Response:** Defendant incorporates the foregoing General Objections. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Interrogatory on the basis that it is not limited as to time, and that the term "Proprietary Information" is overly broad, unduly burdensome and vague and ambiguous.

Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Defendant has not transmitted to any third party KLX document(s) and/or property, including, but not limited to, Proprietary Information.

**Interrogatory No. 7:**

Identify any KLX employees who, after your employment with KLX, have transmitted to you or your personal email account(s) any document(s) and/or property of KLX including, but not limited to, Proprietary Information, and provide a general description of the subject matter of any KLX document(s) and/or property, including, but not limited to, Proprietary Information, disclosed.

**Response:** Defendant incorporates the foregoing General Objections. Defendant also objects to this Interrogatory on the basis that the term "Proprietary Information" is overly broad, unduly burdensome and vague and ambiguous. Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vexatious and intended to harass Defendant.

**Interrogatory No. 8:**

        Identify any employees, suppliers, vendors, or consultants of KLX whom you have solicited since your departure from KLX.

        **Response:** Defendant incorporates the foregoing General Objections. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is vexatious and intended to harass Defendant.

**Interrogatory No. 9:**

        Identify any of KLX's customers and/or clients (or employees thereof) whom you have contacted since your departure from KLX.

        **Response:** Defendant incorporates the foregoing General Objections. Defendant further objects to this Interrogatory on the basis that it is overly broad, unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

        Subject to and without waiving the foregoing objections and General Objections, Defendant responds as follows: Defendant has not contacted any customer and/or client Defendant serviced while employed at Plaintiff "based on [Defendant's] use, dissemination, disclosure, possession or access to any materials or documents that contain any secret, confidential, or proprietary information belonging to KLX." Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction, "So Ordered" on April 10, 2015 (Dckt. No. 5).

Dated:  Uniondale, New York
         May 22, 2015

                                    RUSKIN MOSCOU FALTISCHEK, P.C.

                                    By: _____
                                         Norman R. Cerullo
                                         Jennifer L. Hartmann
                                         1425 RXR Plaza
                                         East Tower, 15th Floor
                                         Uniondale, New York  11556
                                         Telephone:  (516) 663-6600

                                         *Attorney for Defendants*
                                         *David Nissen and Joan Nissen*

/617359

- 9 -

CERTIFICATION

I have read the annexed Responses to Plaintiff's First Set of Interrogatories to Defendant Joan Nissen, know the contents thereof, and certify, under penalty of perjury, that the foregoing is true and correct.

_____
Joan Nissen

_____
Date   5/22/15

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2015, I caused to be served a true and correct copy of Defendants' Responses and Objections to Plaintiff's First Set of Interrogatories to Defendant Joan Nissen upon Plaintiff's counsel of record at the following address by email to Scott.Kessler@Akerman.com and by FedEx for overnight delivery:

Scott M. Kessler, Esq.
ACKERMAN LLP
666 Fifth Avenue, 20th Floor
New York, New York 10103

By: _____
Norman R. Cerullo