

Scott M. Kessler

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY  10103
Tel:  212.880.3800
Fax:  212.880.8965

Dir:  212.880.3874
Dir Fax:  212.905.6411
Scott.Kessler@akerman.com

September 4, 2015

<u>VIA ECF</u>

The Honorable Loretta A. Preska, Chief U.S.D.J.
United States Courthouse
500 Pearl Street, Room 2220
New York, NY  10007

    Re:    *KLX Inc. v. Nissen, et al.*, **7:15 Civ. 2782 (LAP)**

Dear Judge Preska:

    We represent Plaintiff KLX Inc. ("Plaintiff") in the above-referenced matter. We write to request a pre-motion conference pursuant to Local Civil Rule 37.2 in anticipation of a motion to compel J&K Electronics d/b/a M3 Technology ("M3 Tech") to comply with KLX's subpoena, which requests the production of documents relevant to this action. M3 Tech, which currently employs Defendants in this action, is also represented by Defendants' counsel. We conferred with M3 Tech's counsel on the issues described herein on June 5, 2015, but were unable to reach a resolution. Shortly thereafter, the parties agreed to table discovery related to M3 while they continued the process of the ESI protocol with respect to Defendants and pursued a global resolutions of all issues, with the understanding that the parties could later raise such discovery disputes with the Court. Since the parties have not been able to reach a reasonable resolution, Plaintiff now makes the instant application to compel discovery from M3 Tech.

### I.    RELEVANT BACKGROUND

    On April 9, 2015, Plaintiff instituted this diversity action against Defendants for Misappropriation of Trade Secrets, Breach of Contract, Breach of Duty of Loyalty, and Permanent Injunction. In the Complaint, *inter alia*, Plaintiff alleges that in the weeks prior to their coordinated resignations from KLX, Defendants forwarded troves of KLX's confidential and proprietary information (the "KLX Confidential Information") to their personal email accounts in direct violation of their respective written agreements with KLX. Plaintiff further contends that, immediately after their resignations, Defendants went to work for a direct competitor, J&K Electronics, Inc. d/b/a M3 Technology ("M3 Tech"). Defendants do not deny

The Honorable Loretta A. Preska, Chief U.S.D.J.
September 4, 2015
Page 2

---

these allegations.  In response to Plaintiff's Requests for Admissions, Defendants admitted: (i) that they took the KLX Confidential Information; and (ii) that they intended to use it.

On May 8, 2014, Plaintiff submitted a pre-motion conference letter to Your Honor requesting an Order for expedited discovery.  *See* Dkt. No. 19.  In that letter, Plaintiff wrote that it was seeking limited discovery, including: "(i) the scope of KLX Confidential Information misappropriated; (ii) the entities to which and/or persons to whom Defendants have disclosed KLX Confidential; and (iii) the circumstances and terms and conditions under which Defendants left the employ of KLX for M3 Tech."  On May 14, 2015, Your Honor granted Plaintiff's application and found there to be a "direct connection between the discovery sought and the confidential information at the heart of the potential injury."  *See* Dkt. 27.  On May 15, 2015, Plaintiff served a subpoena on M3 Tech seeking documents on the same general topics as set forth in Plaintiff's May 8, 2015 letter with a response date of May 29, 2015 at 5:00 p.m.  On May 29, 2015 at approximately 6:00 p.m., Defendants' and M3 Tech's counsel sent correspondence in response to the subpoena which, for the first time, objected to Plaintiff's subpoena.  After conferring, M3 Tech provided written responses to Plaintiff's requests (but did not produce any documents) on June 4, 2015 – nearly a week after the time set by the subpoena *for compliance*.  The same day, Plaintiff provided M3 Tech with an accounting of the deficiencies in their responses.  On June 5, 2015, the parties conferred, but M3 Tech refused to remedy the below deficiencies.

## II.     RESPONSES TO BE COMPELLED

The Parties were unable to reach a resolution on the following requests, a copy of which is attached hereto as Exhibit A for Your Honor's reference.

**Request No. 1**: KLX requested production of all communications between M3 Tech and the Nissens concerning: (1) KLX's property, including its confidential and proprietary information ("KLX Confidential Information"), the Nissens' departed with from KLX; (2) the allegations raised in the Complaint; and (3) M3 Tech's decision to employ the Nissens. M3 Tech's responded by unilaterally limiting the scope of Plaintiff's request solely to communications concerning KLX's property or documents. This limitation is improper. M3 must produce documents responsive to all of the categories of communications identified. The Nissens' departure from KLX (and M3 Tech's decision to employ the Nissens) is, as Your Honor found, undeniably relevant to the allegations in this action. KLX is therefore entitled to discovery concerning whether M3 Tech's decision to hire the Nissens was at all predicated on their access to KLX's property, including the KLX Confidential Information.

**Request Nos. 3 and 4**: KLX requested documents evidencing KLX property, including KLX Confidential Information, in M3 Tech's possession, possession, custody and/or control, including any transmittals thereof.  M3 Tech objected and responded that it would only produce documents or property of KLX that was "***improperly taken*** by Defendants." This limitation also is unacceptable.  M3 Tech's possession or receipt of *any* of KLX's property and/or documents,

The Honorable Loretta A. Preska, Chief U.S.D.J.
September 4, 2015
Page 3

---

including any KLX Confidential Information, goes directly to the heart of this litigation. Indeed, the fact that M3 Tech would even attempt to impose this limitation strongly suggests that Defendants transmitted or M3 Tech received at least some of KLX's property and information. Accordingly, M3 Tech must produce all responsive documents immediately.

**Requests Nos. 6 and 7**: KLX requested documents related to the terms and conditions of the Nissens' employment with M3 Tech, as well as M3 Tech's recruitment efforts of the Nissens. M3 Tech objected and refused to produce any documents responsive to these Requests. As set forth above (*see* Response No. 1), this information is highly relevant to whether M3 Tech's efforts to recruit and ultimate decision to hire the Nissens involved KLX's property, including the KLX Confidential Information, in any way. As such, M3 Tech must produce all documents responsive to these Requests immediately.

Lastly, Defendants' (and M3 Tech's) attempts to delay and shirk their obligations under the expedited discovery Order by repeatedly interposing meritless objections to KLX's legitimate discovery requests cannot be taken lightly. In order to adequately prepare for the upcoming Preliminary Injunction Hearing before Your Honor, Plaintiff needs access to the limited and targeted universe of relevant documents that it has identified. Without such information, Plaintiff will be greatly prejudiced. Indeed, as discussed above, Your Honor has already instructed the Parties the above-referenced matters are not only the proper subject of discovery, but go to the heart of the potential injury in this action.

For the foregoing reasons, we respectfully request Your Honor set a pre-motion conference in anticipation of KLX's motion to compel M3 Tech to comply with its subpoena. We thank the Court for its consideration. We are at Your Honor's disposal should any additional information be required.

                                    Respectfully submitted,

                                    /s/ *Scott M. Kessler*

                                    Scott M. Kessler

cc:    Norman Cerullo, Esq.
        Jennifer Hartmann, Esq.
        Michael Marsh, Esq.
        Andrew Loewenstein, Esq.
        Christopher Lepore, Esq.