

**RMF**
RUSKINMOSCOUFALTISCHEK P.C.
*Counselors at Law*

Writer's Direct Dial:  (516) 663-6635
Writer's Direct Fax:  (516) 663-6835
Writer's E-Mail:  ncerullo@rmfpc.com

September 11, 2015

**BY ECF**

Honorable Loretta A. Preska, Chief U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2220
New York, New York 10007-1312

> **Re:** ***KLX Inc. v. Nissen, et al.***
> **Docket No. 7:15 Civ. 2782 (LAP) (JCM)**

Dear Judge Preska:

We represent non-party J&K Electronics, Inc. d/b/a M3 Technology ("M3 Tech") in connection with the Subpoena to Testify at a Deposition in a Civil Action dated September 4, 2015 ("Subpoena"), served in the above-referenced action by Plaintiff KLX, Inc. ("Plaintiff" or "KLX"). (*See* Exhibit A, attached). We write to request a pre-motion conference pursuant to Local Civil Rule 37.2 in anticipation of a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 26(d)(1) and 45(c)(3).

As an initial matter, the Subpoena should be quashed because it violates Fed. R. Civ. P. 26(d)(1), which states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." There has not yet been a Rule 26(f) conference in this case, nor is there any rule, stipulation or court order authorizing depositions or non-party discovery. The Court's May 14, 2015 Order allowing for expedited discovery does not specifically authorize or even implicitly contemplate depositions or third-party discovery, and certainly does not allow for expedited third-party depositions. In fact, in its request for expedited discovery, KLX only represented it was seeking limited party discovery in the form of document request and written discovery and never represented to the Court that it was seeking depositions and/or third-party discovery. As a result, one of the Court's bases for granting KLX's request for expedited discovery was "the limited nature of the proposed discovery." (Dkt. No. 27).

The Subpoena also should be quashed pursuant to the three grounds set forth in Fed. R. Civ. P. 45(c)(3). *First,* the Subpoena "fails to allow a reasonable time to comply." *Id.* Indeed, the Subpoena was served on September 4, 2014 and commands that M3 Tech appear for a



**RMF**
RUSKINMOSCOUFALTISCHEK p.c.
*Counselors at Law*

Honorable Loretta A. Preska, Chief U.S.D.J.
September 11, 2015
Page 2

deposition on September 18, 2015. A mere two weeks does not constitute a "reasonable time" as is required by the Rule. Accordingly, the Subpoena should be quashed or, alternatively, modified such that M3 is given a reasonable time to comply.

*Second*, the Subpoena "requires disclosure of privileged or other protected matter." *Id.* Specifically, the Subpoena seeks testimony regarding:

> "M3 Tech's decision to employ the Nissens . . .";

> "The terms and conditions of the Nissens' employment with M3 Tech.";

> "M3 Tech's efforts, if any, to solicit the business of Boing, Meggitt PLC, Middle River Aircraft Systems, or General Electric . . ."; and

> "The identities of any M3 Tech employees with responsibility for the accounts of Boing, Meggitt PLC, Middle River Aircraft Systems, or General Electric, including any employees engaged in any efforts to solicit the business of Boeing, Meggitt PLC, Middle River Aircraft Systems, or General Electrics."

(Subpoena, Matters for Examination Nos. 1, 2, 7 and 8). These matters delve into M3 Tech's business operations, are proprietary and/or trade secret to M3 Tech and, therefore, protected from disclosure. Further, these matters are not relevant to this action unless they concern the KLX Confidential Information, yet the Subpoena is not so limited. As a result, the Subpoena should be quashed or, alternatively, modified such that M3 Tech is provided reasonable time for compliance (as discussed above) and the Matters for Examination are limited only to concern KLX Confidential Information.

*Finally*, the Subpoena "subjects [M3 Tech] to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Defendants have repeatedly represented both to KLX and to this Court that they never used or disseminated the KLX Confidential Information. The detailed analysis completed pursuant to the ESI Protocol and other discovery confirms that the Nissens, contrary to KLX's unsupported allegations, never disseminated KLX information to third-parties, including to M3 Tech. Thus, KLX has no good faith basis to believe that M3 Tech has any relevant KLX information in its possession, custody or control. Moreover, in meet and confer discussions with KLX, M3 Tech has offered to provide a sworn affidavit affirming it has conducted a good faith



**RUSKINMOSCOUFALTISCHEK** P.C.

*Counselors at Law*

Honorable Loretta A. Preska, Chief U.S.D.J.
September 11, 2015
Page 3

search and it has no relevant property of KLX in its possession, custody or control, and that neither of the Nissens ever disseminated any of the KLX Confidential Information to M3 Tech. M3 Tech also has offered to make any reasonable additions or revisions to that proposed affidavit if requested to by KLX. KLX, however, has declined that offer. M3 Tech also has represented that, with respect to a subpoena for documents issued to it by KLX, it is amenable to producing responsive documents that concern the property of KLX at issue in the Complaint or as otherwise specifically identified, assuming KLX agrees to bear the cost of such production and M3 Tech is permitted to provide the documents pursuant to a reasonable timeframe (*see* letter of N. Cerullo, dated Sept. 9, 2015 (Dkt. No. 53)).

Given the party discovery that has already been supplied and that will be provided at and after the hearing by Defendants and M3 Tech, KLX's baseless assertion that Defendants and/or M3 Tech are trying to "hide" evidence is absurd. Respectfully, KLX's attempt to obtain an expedited deposition of M3 Tech illuminates that it is making every effort to utilize its unlimited financial resources to force Defendants and their non-party employer to succumb to KLX's unreasonable demands, which are far detached from the return or destruction of its information from Defendants. This is particularly evident given that Defendants have attempted to resolve this action by, *inter alia*, submitting a proposed Preliminary Injunction to this Court (Dkt. No. 47, Ex. A) and served an Offer of Judgment pursuant to Rule 68 providing KLX with the protection it purports to be seeking. To date, neither has been accepted or even responded to by KLX.[1]

M3 Tech has, in good faith, conferred with Plaintiff in an effort to resolve this dispute without court action but, in light of the impending deposition date, must now make the instant application.

For the reasons set forth above, M3 Tech respectfully requests a pre-motion conference pursuant to Local Civil Rule 37.2 in anticipation of a motion to quash the Subpoena pursuant to Fed. R. Civ. P. 45(c)(3).

---

[1] Steadfastly adhering to its campaign of harassment, KLX disrupted M3 Tech's business operations by personally serving the Subpoena upon M3 Tech, instead of serving its counsel, who had previously agreed to accept service of subpoena on behalf of M3 Tech.



Honorable Loretta A. Preska, Chief U.S.D.J.
September 11, 2015
Page 4

Respectfully submitted,

s/Norman R. Cerullo
Norman R. Cerullo
For the Firm

cc:    Christopher R. Lepore, Esq.
       Matthew A. Steinberg, Esq.
       Michael C. Marsh, Esq.
       Scott M. Kessler, Esq.

623593