USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-2-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

KLX, INC., a Delaware Corporation,

                Plaintiff,

-against-

DAVID NISSEN and JOAN NISSEN,

                Defendants.

------------------------------------------------------X

No.: 15-cv-2782 (LAP)

## PERMANENT INJUNCTION

This cause came to be heard on the Complaint filed on April 9, 2015 (the "Complaint"), by Plaintiff KLX Inc. ("KLX" or "Plaintiff") against Defendants David Nissen and Joan Nissen (collectively, "Defendants") and its request for a Temporary Restraining Order and a Permanent Injunction based on the supporting memorandum of law and declaration of Charles Robinson. On April 10, 2015, the Parties appeared before the Honorable Kenneth M. Karas, United States District Judge, who entered a Temporary Restraining Order ("TRO") in Plaintiff's favor. The TRO was subsequently extended by this Court upon stipulation of the parties, dated June 10, 2015.

**NOW, THEREFORE, IT IS HEREBY ORDERED, JUDGED AND DECREED:**

    A.    The following shall be considered KLX "Proprietary Information" for purposes of this Permanent Injunction, except as provided by section 1(B) below:

        i.    Written materials of KLX, which include, but are not limited to, the materials taken by Defendants from KLX during their respective, and prior to their separation of, employment with KLX, or KLX written materials retained by the Defendants subsequent thereto;

        ii.    The names and information relating to customers and known prospective customers of KLX and/or persons, firms, corporations or other entities with whom

        KLX has provided goods or services at any time, including contact persons, addresses and phone numbers, their characteristics and preferences and types of services provided to or received from those customers and known prospective customers;

iii. The terms of various agreements between KLX and any third parties, including without limitation, the terms of customer agreements, vendor or supplier agreements, lease agreements, advertising agreements, fee arrangements, terms of dealing;

iv. Any data or database, trading algorithms or processes, or other information compiled by KLX, including, but not limited to, customer lists, customer information,[1] information concerning KLX, or any business in which KLX is engaged or is known to contemplate becoming engaged, any company with which KLX engages in business, any customer, known prospective customer or other person, firm or corporation to whom or which KLX has provided goods or services or to whom or which any employee of KLX has provided goods or services on behalf of KLX, or any compilation, analysis, evaluation or report concerning or deriving from any data or database;

v. All policies, procedures, strategies and techniques regarding the services performed by KLX or regarding the training, marketing and sales of KLX, either oral or written. KLX's internal corporate policies and practices related to its services, price lists, fee arrangements and terms of dealings with customers or potential customers or vendors. Information relating to formulas, records, research and development data, trade secrets, processes, other methods of doing business, forecasts and business and marketing plans;

vi. Any information, data, know-how or knowledge of a confidential or proprietary nature observed, used, received, conceived or developed by Defendants in connection with their employment at KLX, including and not limited to KLX's methodologies, price strategies, price lists, costs and quantities sold, financial and sales information, including, but not limited to, KLX's financial condition, business interests, initiatives, objectives, plans or strategies; internal information regarding personnel identity, skills, compensation, organizational charts, budgets or costs of individual departments, and the compensation paid to those working

---

[1] Customer information shall include, but not be limited to, customer and supplier files, customer communications engaged in for business purposes, open order reports, customer pricing, quantity and delivery reports, supplier pricing, delivery reports, pricing and parts files, customer account specific information, contract data sheets, controlled customer drawings, controlled military specifications, customer purchase orders, customer delivery dates and related information regarding parts sold, customer details regarding specific parts and invoices, customer drawings, customer master files, customer open order reports, customer parts detail reports, customer purchase orders and related summaries, customer part number histories, customer lead time information, customer quantity detail, customer summary reports, customer datasheets, duplicate parts and pricing information, customer parts and pricing lists, master customer lists and pricing files, customer contact databases, Original Equipment Manufacturer ("OEM") controlled print information, OEM drawings, part lists, part number quote detail, parts bid lists, and price break summary by investments.

{36323319;1}

        for or who provide services to KLX; and performance of investments, funds or portfolio companies, including any "track record" or other financial performance information or results;

vii.    All non-public information regarding the amount and nature of the capital and assets owned or controlled by, or net worth of, KLX and/or any of KLX's shareholders, members, partners, employees or investors; the investments made, directly or indirectly, by KLX (including, but not limited to, any partnerships, corporations or other entities in which KLX may invest and the assets which any of those entities acquires); the expected or actual rates of return or holding periods of any investment by KLX; the respective interest in any investment of any of its shareholders, members, partners or investors or the manner in which those interests are held; the identities of the other persons or entities who participate in any investment made by KLX; and financial statements, projections, budgets and market information;

viii.    All discoveries, software (including, without limitation, both source code and object code), models, drawings, photographs, specifications, trademarks, formulas, patterns, devices, compilations and all other proprietary know-how and technology, whether or not patentable or copyrightable, and all copies and tangible embodiments of any of the foregoing, and that have been or will be created for KLX by Defendants, whether alone or with others;

ix.    KLX's inventions, products, research and development, production processes, manufacturing and engineering processes, machines and equipment, finances, marketing, and production and future business plans, information belonging to customers or suppliers of KLX disclosed incidental to Defendants' employment with KLX; and

x.    KLX Trade Secrets, as defined by New York law, which includes, but is not limited to, information regarding formulas, processes or methods that: (a) derive independent economic value, actual or potential, from not being generally known to or readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and (b) is the subject of reasonable efforts by KLX to maintain its secrecy.

B.    Notwithstanding the provisions of Section (A), *supra,* the following shall *not* be considered "Proprietary Information" for purposes of this Permanent Injunction:

i.    Information which is available to the public through proper means;

ii.    Information generally known in the industry in which KLX operates for which no measures have been taken to protect such information from disclosure; or

    iii.    Information acquired by Defendants through proper means prior to or after their employment with KLX or its predecessors in interest, B/E Aerospace, Inc. and United Fastener Company ("UFC").

    C.    That Defendants, including any other persons who are in active concert or participation with them or their officers, agents, servants, and employees, are hereby enjoined from:

    i.    retaining any Proprietary Information belonging to KLX that is in tangible form (including computer files, removable media "thumb drives," CDs, electronic files on removal media or in any other electronic form, and hard copy documents);

    ii.    using or causing to be used, or disclosing in any manner, any Proprietary Information; and

    iii.    soliciting, contacting, employing, proposing, discussing, executing, consummating any transactions with, or providing services to any KLX customer with whom KLX has an existing or known prospective business relationship including but not limited to, the Boeing Company IMM and EPP, General Electric, Middle River Aircraft Systems, and Meggitt PLC, based on their knowledge of, use, dissemination, disclosure, possession or access to any materials or documents that contain Proprietary Information.

    D.    Subject to the terms and conditions contained herein, Defendants are not subject to restrictive covenants, including covenants not to compete.

**IT IS FURTHER ORDERED THAT,** the Proprietary Rights Agreements, dated February 6, 2012, between David Nissen and KLX, and February 6, 2012, between Joan Nissen and KLX, are modified only to the extent the obligations imposed therein differ from or conflict with the Parties' obligations under this Permanent Injunction, and all other obligations remain in full force and effect.

**IT IS FURTHER ORDERED** that this Permanent Injunction is binding upon the Defendants, their respective officers, agents, servants, and employees, and upon all other persons acting in concert or participation with them who received actual notice of this Permanent Injunction by personal service or otherwise.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to administer this Permanent Injunction and the settlement agreement in this action.

**IT IS FURTHER ORDERED** that the $25,000 bond posted by Plaintiff on April 13, 2015, shall be released.

SO ORDERED:   October 28, 2015
New York, New York

*Loretta A. Presley*
Hon. Loretta A. Preska
Chief United States District Court Judge